Cornetta, Robert A., J.
These' three companion cases come before the Court upon Rule 12(b)(6) motions brought by the defendant J&J Builders, LLC seeking dismissal of the plaintiffs’ claims. The defendant J&J Builders, LLC is a dissolved limited liability company (hereinafter “LLC”) originally established pursuant to G.L. Ch. 156C.
The undisputed facts .establish that in or about 2006, J&J Builders, LLC engaged in the construction of the Luzitania Court Condominiums in Gloucester, Massachusetts. As a result of the freezing of water pipes occurring within the project during January of 2010, and allegedly caused by defective materials, workmanship and design of the defendants, the plaintiff insurance carrier was required to remedy and pay for damages suffered by its insureds. The plaintiff insurance carrier now seeks to maintain these actions as subrogee of its insureds.
The defendant, J&J Builders, LLC (now dissolved) contends that under the Massachusetts Limited Liability Company Act (Ch. 281, §18 of the Acts of 1995, as amended) it is immune from liability since pursuant to section 45(b) of the statute “suit can only be brought against a limited liability company until the certificate of cancellation is filed’ (Defendant’s memorandum in support of motion to dismiss at p. 3).
This of course is not the language found in the statute and such an interpretation of section 45(b) results in a public policy that is untenable.
A business entity, be it a business corporation, limited liability company, professional corporation or business under any other style of operation cannot avoid liability for its negligent acts or omissions simply by going out of business or filing a certificate of cancellation.
If this were the case, then any and all business ventures, regardless of their level of risk could avoid all liability by forming an LLC (so called), undertaking its business until liability occurred and then simply dissolving. Any cost or expense associated with remedying those damages or losses caused by the entity would then go unsatisfied or be assumed by the public’s fisc while the LLC partners would have taken their profits and assets ¿nd moved on to another venture.
As an example, an LLC engaging in blasting operations could operate until one of its projects caused injury, damages or fatalities and thereupon file a certificate of dissolution after the accident, thereby avoiding claims, litigation, liability or damages altogether.
Such is simply not sound public policy and could never have been intended by the legislature in enacting G.L.Ch. 156C.
While section 45(b) of the statute authorizes persons winding up the LLC’s affairs to prosecute and defend suits until a certificate of dissolution is filed, it does not preclude an injured person or entity from bringing suit against the LLC for acts and omissions engaged in while the entity was viable/
The statute as enacted clearly contemplates liability for past acts or omissions surviving the LLC’s dissolution.
An LLC, just like a G.L.Ch. 156B business corporation cannot be “thinly capitalized.” While in existence, the LLC must possess either sufficient assets or insurance coverage to protect, if not its own interests and that of its members then at least those of the persons and entities it does business with and the general public.
In section 6 of the statute, where an LLC engages in professional services, it must conform to the laws and regulations of the board or agency that licenses and regulates the delivery of those services. Thus, an LLC providing certain professional services cannot operate without errors and omissions coverage as a matter of law under the statute. (See §65 of the statute and 211 CMR 24.00.)
Since the damages complained of in these three cases were an occurrence that happened while J&J Builders, LLC was viable, any policies of insurance covering the same must be honored by the issuing carriers. To interpret section 45(b) in a way that would permit those insurance carriers to avoid or deny coverage would again be contrary to public policy and would in fact foster conduct of breach of contract. Again, the Legislature could not have intended such an outcome in enacting the statute.
Finally, section 22 of the statute contemplates that debts, obligations and liabilities of an LLC arising in *484 tort, contract or otherwise are the sole responsibility of the LLC and not its members. This language under the statute clearly anticipates that such causes of action will survive the winding up of the LLC’s affairs provided that the claims are lawful and not time barred.
Such a ruling does not in any way curtail or adversely impact upon the legislative intent of enacting G.L.Ch. 156C. Pursuant to such a ruling, the LLC’s members still enjoy all of the benefits of doing business under this style including those of avoiding personal liability and conducting business under a simple, streamlined fashion. This is especially true for purposes of attracting and keeping member investors who wish to enjoy the fruits of their investment without involvement in the business entity that either burdens them with day to day responsibilities or ensnares them in personal liability.
For each of the foregoing reasons, the defendant LLC’s Rule 12(b)(6) motion must be and is, DENIED.